## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-cv-24351-BLOOM
### (Case No. 19-cr-20458-BLOOM)

JOE VONZO READON

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

### ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Movant Joe Vonzo Readon's *pro se* Motion Under 28 U.S.C. § 2255, ECF No. [1]. In his Motion, Movant raises constitutional challenges to his sentence imposed in case number 19-cr-20458-BLOOM. *See generally id.* The Court has carefully considered the Motion, the Government's Response, ECF No. [6], Movant's Reply,[1] ECF No. [7], Movant's Supplement to the Reply, ECF No. [8], the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is dismissed as untimely.

### I. BACKGROUND

A grand jury indicted Movant with two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2), and one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1)

---

[1] The Court clearly stated that Movant had fourteen days from the date the Response was docketed to file a Reply. *See* ECF No. [4] at 1. The Response was filed on December 12, 2023, and Movant waited until January 4, 2024, to deliver his Reply to prison authorities (*i.e.*, to file his reply under the prison mailbox rule), making the Reply untimely. Nevertheless, the Court has reviewed the Reply and finds that it fails to raise a meritorious defense to the dismissal of the Complaint.

(Count 3). *See generally* CR ECF No. [1]; CR ECF No. [16].[2] Pursuant to a plea agreement, Movant, on December 2, 2019, pleaded guilty to Count 3 in exchange for the dismissal of Counts 1 and 2. *See generally* CR ECF No. [44]; *see* CR ECF No. [46] at 1. On February 4, 2020, Movant filed a Motion to Withdraw Plea, which the Court denied on February 13, 2020. *See generally* CR ECF No. [57]; *see* CR ECF No. [73] at 198:24-199:3. On February 21, 2020, the Court sentenced Movant to a 180-month term of imprisonment to be followed by three years of supervised release. *See generally* CR ECF No. [67]. On February 24, 2020, Movant filed a Notice of Appeal challenging the Court's denial of his Motion to Withdraw Plea and the sentenced imposed by the Court. *See generally* CR ECF No. [81]. On April 30, 2021, the Eleventh Circuit Court of Appeals entered its Mandate, affirming the Court's order denying Movant's Motion to Withdraw Plea and Judgment. *See generally id.* Thereafter, Movant filed a Petition for Writ of *certiorari* which the United States Supreme Court denied on November 8, 2021. *See generally* CR ECF No. [82].

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(f), a movant must file his § 2255 motion within a one-year period that runs "from the latest of" the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] References to docket entries in Movant's criminal case, case number 19-cr-20458-BLOOM, are denoted with "CR ECF No."

*Id.* When a movant takes an unsuccessful direct appeal from a judgment of conviction, the conviction becomes final when the time for filing a petition for writ of *certiorari* expires or when a petition for writ of *certiorari* is denied. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1337 (11th Cir. 2002) ("[The movant's] conviction did not become final until the 90–day period to seek [*certiorari*] expired[.]').

## III. DISCUSSION

### A.    The Motion is Untimely

Liberally construing the Motion, Movant asserts that his Motion is timely under 28 U.S.C. § 2255(f)(4) due to newly discovered evidence. *See* ECF No. [1] at 10-11. However, Movant fails to identify the evidence he relies upon, thus failing to establish that the Motion is timely under § 2255(f)(4). The Court, therefore, measures the timeliness of the Motion from the date the Movant's judgment of conviction became final.[3]

The Supreme Court denied Movant's Petition for Writ of *certiorari* on November 8, 2021. *See* CR ECF No. [82]. Thus, Movant had until November 9, 2022, to file a § 2255 motion. *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (holding that the one-year limitations period for filing a § 2255 motion begins to run when Supreme Court either denies *certiorari* or issues decision on the merits); *see also Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007) (noting that the limitations period should be calculated using "the anniversary date of the triggering event"); Fed. R. Civ. P 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period . . . ."). On

---

[3] Movant does not assert that a State-created impediment prevented the timely filing of the Motion or that he bases his claims on a right newly recognized by the United States Supreme Court. *See generally* ECF No. [1].

November 3, 2023, Movant filed his § 2255 motion—359 days after the deadline.[4] *See* ECF No.
[1] at 12. The Motion is, therefore, untimely.

    **B.    Equitable Tolling**

    "If a defendant files a petition for a federal writ of habeas corpus beyond the one-year
limitation period, the district court may still review an untimely petition filed by a petitioner
entitled to equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011); *Sandvik
v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("§ 2255's period of limitations may be
equitably tolled"). A § 2255 movant is entitled to equitable tolling "only if he shows (1) that he
has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
way and prevented timely filing" of his federal habeas motion. *Holland v. Florida*, 560 U.S. 631,
649 (2010) (quotation marks and citation omitted). "The diligence required for equitable tolling
purposes is reasonable diligence," and under the extraordinary-circumstance prong, a movant must
"show a causal connection between the alleged extraordinary circumstances and the late filing of
the petition." *San Martin*, 633 F.3d at 1267 (quotation marks and citations omitted).

    Movant argues that he is entitled to equitable tolling because (1) the COVID-19 pandemic
restricted his access to the law library and its resources and (2) he has no legal training. *See
generally* ECF No. [7] at 2-4. Neither circumstance warrants equitable tolling. The Eleventh
Circuit has stated that COVID-19 lockdowns and restricted access to the law library are not
sufficient bases to establish an entitlement to equitable tolling. *See Rush v. Sec'y, Fla. Dep't of*

---

[4] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered
to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations
omitted); *see also United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence
to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison
authorities on the day he signed it.") (citation omitted)).

*Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (concluding that COVID-19 did not constitute an "extraordinary circumstance" because all prisoners "attempting to access legal resources . . . were subject to COVID-19 protocols"); *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."). And, according to the Supreme Court, the same goes for a movant's lack of legal training and *pro se* status. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]" (citation omitted)). Therefore, Movant fails to establish that he is entitled to the "extraordinary remedy" of equitable tolling.[5] *Cadet v. Fla., Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (subsequent history omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (stating that "a litigant seeking equitable tolling bears the burden of establishing" his entitlement).

## C.    Actual Innocence

Next, a district court may consider an untimely § 2255 motion if the movant can prove that he is actually innocent of the charges for which he has been convicted. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004)). The actual innocence exception to the one-year period for filing a § 2255 motion is only available "in

---

[5] The Court need not determine whether Movant was diligently pursuing his rights because he fails to demonstrate that he faced extraordinary circumstances warranting equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) ("A petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both." (citation omitted)).

an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478, 498 (1986)). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Here, Movant argues he is actually innocent because his Florida drug convictions do not qualify as drug trafficking offenses under 18 U.S.C. § 924(e) and, thus, he is innocent of being an armed career criminal. *See* ECF No. [1] at 29-33; ECF No. [8] at 2. This argument goes to establishing legal innocence, not factual innocence, and, as previously discussed, legal innocence will not satisfy the actual innocence exception. *See Bousley*, 523 U.S. at 623 Moreover, Movant fails to reference any new evidence that could substantiate a claim that he is actually innocent of the charges that he was convicted of—and pled guilty to. Movant, therefore, fails to satisfy the requirements of the actual innocence exception.

### D.  Certificate of Appealability

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court denies Movant's claims on procedural grounds, a certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Jurists of reason" would not find the Court's procedural ruling "debatable." *Id*. Consequently, a certificate of appealability is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant Joe Vonzo Readon's's Motion Under 28 U.S.C. § 2255, **ECF No. [1]**, is

   **DISMISSED** without prejudice for being time-barred.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable

   merit, an appeal would not be taken in good faith; thus, Movant is not entitled to

   appeal *in forma pauperis*.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS**

   **MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 17, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Joe Vonzo Readon, *PRO SE*
20362-104
Atlanta-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 150160
Atlanta, Georgia 30315